UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARC TACHER, an individual, operating under the trade name, SONATA STABLE

Plaintiff

v.

NEOGEN CORPORATION

Defendant.

CASE NO.

Products Liability,
Art. 1542 Puerto Rico Civil Code
(Diversity Jurisdiction)

---

## COMPLAINT

TO THE HONORABLE COURT:

COMES NOW plaintiff, Marc Tacher, and by undersigned counsel states, alleges and prays as follows:

### Nature of Action and Jurisdiction

1. Marc Tacher, a US citizen domiciled in Puerto Rico, operates under the trade name Sonata Stable, which is the largest and most important racing-horse stable in Puerto Rico, with the most significant ranking, income, and reputation. During the last trimester of 2025 Sonata's Veterinarian, VMD Garcia Blanco, administered Neogen Vet Hycoat, a joint injection product successfully used on horses for decades, to Sonata's horses without knowing that the product was contaminated with microbes. The contaminated product caused severe incapacitating injuries to thirteen racing horses and the euthanasia of two racing horses, resulting in losses currently estimated in Ten Million dollars.

2. Neogen Corporation, a Michigan corporation, sold the contaminated product in Puerto Rico through its local distributor Agro-Servicios, Inc. Neogen voluntarily recalled Hycoat on January 28, 2026.

3. This is a product strict liability action, pursuant to Article 1542 of the Puerto Rico Civil Code (2020), against Neogen for placing an unreasonably dangerous contaminated product into the stream of commerce in Puerto Rico.

4. Complete diversity of citizenship exists between the parties because plaintiff is not a citizen of the same state as the defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs, thus this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events, acts, and omissions giving rise to plaintiff's claims—including the purchase, delivery, use, and failure of the subject product, as well as the resulting injury—occurred in Puerto Rico.

**The Parties**

6. Plaintiff Marc Tacher is a US citizen domiciled in Puerto Rico. He operates his commercial racing enterprise under the trade name of Sonata Stable, a racing-horse stable located in Canovanas, Puerto Rico.

7. For nine consecutive years Sonata consistently ranked in the Top 3 of stables in the United States until this year when due to the injuries sustained by Sonata's horses their ranking dropped to number nine.

8. Sonata's horses affected by Hycoat are the following: Maximum Blast, Veronica D, Native Speed, Go Big Blue, Strike Dancer, Consistencia, Zapper Moon,

Wicked Sense, Melanie T, Drop It, Lucky Magic, Commandeer, Aferdita, and Derek's Code.

9. Defendant Neogen Corporation is a Michigan publicly traded corporation with its registered office and mailing address in Lansing, Michigan. Neogen manufactures, markets, distributes and/or sells Hycoat.

**The Facts**

10. During the month of September 2025 VMD Garcia Blanco, Sonata's veterinarian, purchased Hycoat from Neogen's distributor in Puerto Rico, Agro Servicios, Inc., to treat Sonata's horses.

11. Hycoat is used to keep performance horses' joints lubricated to avoid disease or injury.

12. By November 2025, Sonata's horses treated with Hycoat developed fungal and septic joint infections, presented acute, cumulative, and severe weakness, and suffered extreme pain.

13. During the month of December 2025 Agro Servicios warned VMD Garcia Blanco that the Hycoat they had sold was contaminated. Dr. Garcia Blanco immediately ceased the use of Hycoat in Sonata's horses.

14. By then the condition of Sonata's horses had progressed into an incurable joint disease that rendered them incapable of competitive racing, and two horses, Drop It and Wicked Sense, had to be euthanized.

15. On January 28, 2026, Neogen initiated a voluntary recall of all Hycoat due to microbial contamination in certain lots of product vials.

16. According to the Neogen Corporation's Annual Report to the SEC for the FY ended May 31, 2026, the contaminated product included units sold in Puerto Rico between February 2023 and November 2025.

17. Despite extensive veterinary care, monitoring, diagnostic testing, and treatment efforts, no definitive cure or restorative treatment has returned Sonata's horses to their pre-exposure condition, and their prognosis remains uncertain.

18. Sonata's horses have endured significant and prolonged pain, discomfort, distress, infection, joint inflammation, lameness, a reduced quality of life, all of which were reasonably foreseeable consequences of the contaminated product.

19. Tacher has incurred and continues to incur substantial expenses, including veterinary and medical expenses, costs of ongoing care and treatment of Sonata's horses.

20. The cost of medical treatment for Sonata's horses is estimated at $55,669.40 as of April 2026 and continues to increase.

21. The cost of the monthly upkeep, estimated at $1,000 monthly for each individual horse, for an aggregate monthly estimate of $15,000, amounts to approximately $180,000 as of the date of this complaint.

22. Due to the impairment of the intended use of Sonata's formerly high-performance horses, Tacher has suffered considerable economic losses, including the loss of use of the horses, loss of value of the horses, diminished breeding and athletic potential of the horses, loss of income and economic opportunities, and other consequential damages.

23. The affected horses have sustained a substantial reduction in value. Prior to injury, the horses possessed significant economic worth arising from their pedigree, training, performance history, breeding potential, earning capacity, and anticipated future use. After exposure to contaminated Hycoat, the horses suffered injuries that materially impaired their reliability, utility, marketability, and prospects.

24. Due to Hycoat-induced incapacity, the value of the horses radically declined. Plaintiff is thus entitled to recover the difference between each horse's fair market value immediately before and after the injury, together with all consequential damages, including lost earnings, loss of use, diminution of breeding value, veterinary and rehabilitation expenses, future medical costs, and all other economic losses reasonably attributable to the injuries caused by the contaminated product. This loss of value is currently estimated in the amount at Five Million Dollars.

25. And Sonata's name, ranking, reputation, and income has been significantly impacted, in an amount estimated at Five Million Dollars.

26. All the injuries and losses suffered by the plaintiff were reasonably foreseeable consequences of the use of the contaminated product.

**Sole Cause of Action**

27. The contamination of a pharmaceutical product such as Hycoat is a manufacturing defect.

28. Neogen placed into the stream of commerce in Puerto Rico contaminated Hycoat which is the cause of the incapacitating condition developed by Sonata's horses.

29. Under Article 1542 of the Puerto Rico Civil Code (2020) Neogen is strictly liable to the plaintiff.

30. Neogen is liable for Plaintiff's damages, which are currently estimated at Ten Million Dollars.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, awarding compensatory damages, special damages for the loss of value of Plaintiff's property and assets, and consequential economic and moral damages, suffered as a direct and proximate result of the use of contaminated Hycoat, together with pre-judgment and post-judgment interest, reasonable attorneys' fees, costs of litigation, and any such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED.

Dated: September 17, 2026.

**LOPEZ TORO**
**Estudio de Derecho & Notaría**
PO Box 635
Rio Grande, Puerto Rico 00745
Tel. 787-957-2640; Mobile 787-646-6395
ESTUDIOLOPEZTORO@aol.com

s/Bámily López Ortiz
**Bámily López Ortiz**
USDC-PR 205410